IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIA R. DOS SANTOS, et. al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV 1:13-CV-00136 |
| ) | |
| GENERAL MOTORS, LLC; ) | |
| YOKOHAMA TIRE CORPORATION ) | |
| and YOKOHAMA RUBBER COMPANY ) | |
| LTD. ) | |
| Defendants. ) | |

## ANSWER FOR DEFENDANT YOKOHAMA RUBBER COMPANY TO PLAINTIFFS' COMPLAINT

Comes now this Defendant, YOKOHAMA RUBBER COMPANY, and for Answer to the First Amended Complaint of the Plaintiff, states as follows, separately and severally:

### PARTIES

1. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

2. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

3. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

4. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

5. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

6. Admitted.

01787739.1/3000-1805

7. Denied.

8. Admitted.

## JURISDICTION AND VENUE

9. Admitted.

10. This Defendant has insufficient information upon which to admit or deny and, therefore, this is paragraph is denied.

## STATEMENT OF FACTS

11. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

12. Denied.

13. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

14. This Defendant has insufficient information upon which to admit or deny and, therefore, this paragraph is denied.

15. This Defendant admits that YTC manufactured and distributed the subject tire. As to the remainder of this paragraph, it is denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT I

20. This Defendant adopts and incorporates herein its previous admissions and denials.

21. Denied.

22. Denied.

23. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

24. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

25. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

26. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

## COUNT II

27. This Defendant adopts and incorporates herein its previous admissions and denials.

28. Admitted.

29. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

30. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

31. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

32. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

33. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

## COUNT III

34. This Defendant adopts and incorporates its previous admissions and denials.

35. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

36. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

37. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

## COUNT IV

38. This Defendant adopts and incorporates its previous admissions and denials.

39. Admitted.

40. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

41. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

42. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

43. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

44. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

## COUNT V

45. This Defendant adopts and incorporates its previous admissions and denials.

46. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

47. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

48. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

### COUNT VI

49. This Defendant adopts and incorporates its previous admissions and denials.

50. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

51. This Defendant has insufficient information upon which to admit or deny and, therefore this paragraph is denied.

### COUNT VII

52. This Defendant adopts and incorporates its previous admissions and denials.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### COUNT VIII

59. This Defendant adopts and incorporates its previous admissions and denials.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT IX

66. This Defendant adopts and incorporates its previous admissions and denials.

67. Denied.

68. Denied.

69. Denied.

## COUNT X

70. This Defendant adopts and incorporates its previous admissions and denials.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT XI

77. This Defendant adopts and incorporates its previous admissions and denials.

78. Denied.

79. Denied.

80. Denied.

## COUNT XII

81. This Defendant adopts and incorporates its previous admissions and denials.

82. Denied.

83. Denied.

## FIRST DEFENSE

Plaintiff fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

This Defendant denies each and every material allegation of the Plaintiff and demands strict proof thereof.

## THIRD DEFENSE

This Defendant avers that at the time and place of the accident in question, Plaintiff was guilty of negligence and such negligence directly contributed to cause the accident, and injuries in question.

## FOURTH DEFENSE

This Defendant pleads assumption of risk.

## FIFTH DEFENSE

This Defendant asserts that venue is improper.

## SIXTH DEFENSE

This Defendant pleads the applicable Statute of Limitations.

## SEVENTH DEFENSE

As concerns all claims under Alabama's Extended Manufacturer's Liability Doctrine, this Defendant pleads the "middleman defense".

## EIGHTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.  This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages.  Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages.  Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### NINTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### TENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be

sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### ELEVENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### TWELFTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by *State Farm Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (April 7, 2003).

### THIRTEENTH DEFENSE

Unless this Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the Untied States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not

subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

### SIXTEENTH DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

### SEVENTEENTH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of this Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of this Defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States

Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

                                          Respectfully submitted,

                                          s/Thomas E. Bazemore, III
                                          Huie, Fernambucq & Stewart, LLP
                                          2801 Highway 280 South, St. 200
                                          Birmingham, Alabama 35223
                                          Telephone : (205) 251-1193
                                          Telecopier: (205) 251-1256
                                          Attorneys for Defendants, Yokohama
                                          Rubber Company, Ltd. and Yokohama Tire
                                          Corporation

## JURY DEMAND

THIS DEFENDANT DEMANDS A TRIAL BY STRUCK JURY.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of June, 2013, I electronically filed the foregoing with the Clerk of Court which will send notification of such filing and/or by depositing a copy of same in the United States Mail, postage prepaid and properly addressed on the following:

Thomas P. Willingham
Mary Leah Miller
Law Offices of Thomas P. Willingham, P.C.
3800 Colonnade Parkway, Suite 330
Birmingham, Alabama 35243

Franklin P. Brannen, Jr.
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

                                          s/Thomas E. Bazemore, III
                                          Of Counsel